GARRISON, Judge.
This is a case in which a young boy, Alfred Williams, was seriously injured when struck by a New Orleans Public Service, Inc. (NOPSI) bus on Tchoupitoulas Street in New Orleans, Louisiana on May 31, 1982. The boy’s mother, Ms. Williams, retained the appellee herein, Evan F. Trest-man, who instituted suit against NOPSI. Ms. Williams signed a contingency fee contract with Mr. Trestman which entitled him to 50% of any sums received. On April 23, 1986, Gary Smith, appellant, was appointed tutor of the child. He also proportedly signed a 50% contingency fee agreement.
The suit was settled for a sum of four hundred fifty thousand ($450,000.00) dollars. This settlement was approved by the trial court.
On October 20, 1986 the appellee obtained an ex parte order approving a 50% contingency fee for his services. Mr. Smith then filed a declaratory judgment action requesting that the 50% fee be declared null and void. In this petition, Mr. Smith essentially alleged that he had not knowingly entered into a 50% contingency agreement with Mr. Trestman, that he was presented with partially completed documents for his signature, that he did not sign the contract on the date stated on the document, that such contract is in derogation of Louisiana Code of Civil Procedure, Article 4271 and therefore is not binding upon the estate of the minor child and finally that the appellee had not acted within the ethical bounds of his profession. He alleges that on these above grounds the court should declare the contingency fee contract null and void in order to protect the minor child. Mr. Trestman excepted this action on grounds of lis pendens, prematurity, vagueness, ambiguity, and res judicata.
A hearing on these issues was held on October 9, 1987. Counsel for the plaintiff motioned for a continuance as he had just recently been appointed as counsel in this case and was not prepared to adequately litigate this matter. The trial judge denied plaintiffs’ motion. The court ruled in favor of Mr. Trestman on the grounds of res judicata. Further, the motion to set aside order awarding attorney’s fees was denied with prejudice at Mr. Smith’s cost. Mr. Smith has appealed this decision contending that the trial court erred in granting an ex parte motion awarding the disputed attorney’s fees as there existed a dispute concerning this fee, it erroneously granted the exception of res judicata, due process requirements were not satisfied, the court erred in ratifying the contingency fee as the amount was unreasonable, and, finally, that the petition for approval of attorney’s fees was erroneously granted as the Louisiana Code of Civil Procedure, Art. 4271, requires that this petition be filed by the child’s tutor.
It is our opinion that the trial court erred in holding this cause res judica-ta. It is clear from the record that the issues of reasonableness and validity of the aforementioned agreement between Mr. Smith and Mr. Trestman have not been satisfactorily adjudicated. The record reveals that all parties were aware of a dispute relating to the contingency fee agreement. In this light, an ex parte motion was an insufficient means to dispose of this controversy. Additionally, the trial court should have granted a continuance at the *13 plaintiff’s request in order to protect the interests of this minor child considering the nature of the tutor’s allegations.
We must reverse the trial court’s finding of res judicata and remand the issues concerning the validity and/or fairness of the contingency fee agreement to the trial court for complete adjudication. Furthermore, the trial court should require Mr. Trestman to file a fully itemized accounting of the expenditures for which he desires reimbursement, including receipts.
REVERSED AND REMANDED.